# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK CONTE, *et al.*, | |
| Plaintiffs, | Case No. 2:12-CV-01005-KJD-VCF |
| v. | **ORDER** |
| TRANSGLOBAL ASSETS, *et al.*, | |
| Defendants. | |

    Before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order (#16). On August 6, 2012, the Court ordered (#15) the parties to appear before the Court for a hearing on Plaintiffs' previously filed Motion for Preliminary Injunction (#13) on August 28, 2012.

    Pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order if it determines: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and depending on the nature of the case, (4) the public interest favors granting relief. See International Jensen v. Metrosound U.S.A., 4 F.3d 819, 822 (9th Cir. 1993).

Plaintiffs are shareholders of Transglobal Assets, Inc. (the "Corporation").  According to Plaintiffs, on August 8, 2012, Defendants filed Form 8-K and Form 15-15D with the Securities and Exchange Commission which Plaintiffs believe could be construed as an attempt to delist the Corporation, exempt it from reporting requirements, and could ultimately lead to major devaluation of shares in the Corporation.  Plaintiffs seek an order compelling Defendants to retract these filings and to restraining them from issuing shares of any type in the Corporation.

Plaintiffs have shown the potential for irreparable harm and that the injury is imminent and ongoing, since Defendants recently increased the authorized shares in the Corporation from 175,000,000 to 5,000,000,000 and have the potential to sell off large quantities of stock.  The fact that Defendants increased the number of authorized shares after the suit was filed and filed the SEC forms immediately after the Court's order setting a hearing on the Motion for Preliminary Injunction also suggests that harm may result if an order is not entered.  The Court finds that Plaintiffs have shown likelihood of success on the merits based on the facts pled in the Complaint and averred in the Motion, many of which are matters of public record. Given the short time before the hearing on the Motion for Preliminary Injunction, the balance of potential harm favors the Plaintiffs.  Finally, the public interest favors holding corporate officers to high standards of integrity.  Defendants have received notification of the Motion via the electronic docketing system.

The Court will grant Plaintiffs' request to prevent Defendants from further issuing shares.  The Court will determine at the August 28, 2012 hearing whether ordering Defendants to retract the Form 15 or other filings is appropriate.

Accordingly, **IT IS HEREBY ORDERED** that Defendants are restrained from issuing any shares of any type in the Corporation, utilizing any funding mechanism pursuant to Rule 504, making any other filings with the Securities and Exchange Commission, except those that are required by law, or taking any action designed to devalue the currently outstanding shares of the Corporation until after the Court's determination of the Motion for Preliminary Injunction.

1   **IT IS FURTHER ORDERED** that Plaintiffs shall immediately deposit with the Clerk of
2   Court security in the amount of $2,000.00.
3   DATED this 10th day of August 2012.

```
                                        _____
                                        Kent J. Dawson
                                        United States District Judge
```