UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FREDERICK CONTE, *et al.*,

    Plaintiffs,

v.

TRANSGLOBAL ASSETS, *et al.*,

    Defendants.

Case No. 2:12-CV-01005-KJD-VCF

**ORDER**

    Before the Court is Plaintiffs Motion for Preliminary Injunction (#13) to which Defendants have filed a response (#19). Defendants also filed a Motion to Dissolve Temporary Restraining Order (#20). On August, 28, 2012, the Court heard argument on these motions and ordered additional briefing. Plaintiffs filed their supplemental brief (#35) and several affidavits and Defendants filed their response (#36).

I. Background

    Plaintiffs are minority shareholders of Transglobal Assets, Inc. (the "Corporation"). The Corporation was formed in 2007. A controlling stake was sold to Global Renewable Energy Systems, Inc. ("GRES") in 2010. The shares purchased by GRES were subsequently distributed to various individuals, including Defendants Douglas R. Johnson ("Johnson") and Kent Strickler ("Strickler"). Johnson and Strickler were appointed as directors along with Plaintiff Paul Thompson. Paul Thompson resigned his position as a director on March 19, 2012. Evidence provided by Defendants

shows that, on June 12, 2012 a majority of shareholders voted to approve the authorization of five billion (5,000,000,000) shares and twenty-million (20,000,000) preferred shares and the Board of Directors approved the issuance.  August 8, 2012, Defendants filed Form 8-K and Form 15-15D with the Securities and Exchange Commission which operate to de-list the Corporation.

On May 16, 2012, Plaintiffs filed a Complaint in state court, which was served on the Corporation's resident agent on May 21, 2012.  Defendants removed the matter to this Court on June 13, 2012.  The parties stipulated to an extension of time to answer pending settlement discussions.  Plaintiffs filed a motion for a temporary restraining order, which the Court granted (#17) on August 10, 2012 to preserve the status quo between the parties until the Court could conduct the August 28, 2012 hearing.

II.  Discussion

Under Fed.R.Civ.P. 65(b), the court can issue a preliminary injunction pending a trial on the merits. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009).

The possibility of monetary harm is generally not enough to support a preliminary injunction. California Pharmacists Ass'n v. Maxwell–Jolly, 563 F.3d 847, 851 (9th Cir.2009). "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without [its] issuance." Schrier v. University Of Colorado, 427 F.3d 1253, 1267.

A.  Irreparable Harm

"An irreparable harm is one that cannot be redressed by a legal or equitable remedy following trial." Public Util. Comm"n v. FERC, 814 F.2d 560, 562 (9th Cir. 1987)

Plaintiffs have failed to point to any non-speculative irreparable future harm which could not be adequately remedied through money damages.  The only basis for harm is the issuance of shares and the de-listing of the company's stock, which have already taken place.  In fact, Plaintiffs' counsel

stated at the hearing that "the irreparable harm has already occurred", which makes issuance of a preliminary injunction inappropriate. See Schrier, 427 F.3d at 1267.  At the hearing, the Court noted that all of Plaintiffs' claims, except for those of fraud, were remediable through money damages and invited Plaintiffs to produce evidence showing nefarious conduct by the directors.  Although Plaintiffs offer speculative and conclusory affidavits asserting that the directors of the Corporation are associated with disreputable individuals, they have failed to provide admissible evidence showing fraudulent intent or likely irreparable harm.

### B.  Likelihood of Success on the Merits

The business judgment rule codified in N.R.S. § 78.138(3) provides a presumption in favor of the directors of the Corporation that their actions were taken in good faith, on an informed basis, and in the interests of the Corporation.  The Court invited Plaintiffs to submit evidence that would suggest that the directors are engaged in fraud or other malicious activity to defeat the presumption of the business judgment rule.  Plaintiffs' offerings to support issuance of the injunction on this basis are conclusory, speculative, and based on inadmissible evidence.  Specifically, Plaintiffs place great reliance on statements allegedly made to them on a telephone call with Jay King – labeled by Plaintiffs as a stock manipulator – about what he told Johnson and Strickler in relation to the stock issuance.  The Court gives this hearsay evidence no weight. See Atari Games Corp. v. Nintendo of America, Inc., 897 F.2d 1572, 1575 (Fed. Cir. 1990) ("A district court should be wary of issuing an injunction based solely upon... conclusory affidavits submitted by plaintiff.") Accordingly, the affidavits and other evidence adduced by Plaintiffs is inadequate to demonstrate a likelihood of success on the merits sufficient to support issuance of a preliminary injunction.

### C.  Balance of Equities and Public Interest

Nevada's statutory business judgment rule indicates that both public interest and equity favor deference to the directors of the Corporation.  Plaintiffs will have the opportunity to litigate their case before this Court and nothing in Plaintiffs' argument or pleadings indicates that the public will suffer

if the preliminary injunction does not issue.  Accordingly, Plaintiff has not met its burden and its request for a preliminary injunction is denied.

IV.  Order to Show Cause

Defendants have attached as Exhibit G to their Response to Plaintiffs' Supplemental Brief (#36-1), a May, 2006 Conditional Guilty Plea for Consent Judgment from the Supreme Court of Florida relating to a Florida Bar Disciplinary Proceeding against Plaintiffs' counsel, Craig Huffman. In his *pro had vici* petition (##9, 11) Mr. Huffman represented to the Court that "there are or have been no disciplinary proceedings instituted against petitioner." It appears to the Court that Mr. Huffman's representation was false.

Mr. Huffman is ordered to respond to the Court within 24 hours of this Order with a full explanation of this apparent misrepresentation so that the Court can fashion appropriate sanctions. Plaintiffs are advised that the Court intends to revoke Mr. Huffman's *pro hac vice* status unless a satisfactory explanation for his false representation to the Court is presented.  Revocation will prevent Mr. Huffman from appearing in this Court and will require Plaintiffs to obtain new counsel in this matter.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiffs Motion for Preliminary Injunction (#13) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Defendants also filed a Motion to Dissolve Temporary Restraining Order (#20) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the Temporary Restraining Order (#17) issued by this Court on August 8, 2012, is no longer in effect.

//

//

//

//

**IT IS FURTHER ORDERED THAT** Plaintiffs' Counsel file an appropriate response to the Order to Show Cause within 24 hours of this Order.

DATED this 17th day of September 2012.

_____
Kent J. Dawson
United States District Judge